IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Donald Rouse, | ) | Case No. 8:20-cv-00954-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dana Nessel, Michelle Doerr-Tibbits, | ) | |
| Dean Alan, Peter J. Maceroni, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF Nos. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On March 20, 2020, the Magistrate Judge issued a Report recommending that the Complaint be dismissed. ECF No. 9. Plaintiff filed objections to the Report. ECF No. 11.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal of this action because Plaintiff lacks standing to pursue his claims. She states that "Plaintiff does not allege any facts showing that he is subject to the statute[1] or that he is subject to any court order requiring him to pay child support"; accordingly, Plaintiff has failed to identify any case or controversy or any concrete injury. ECF No. 9 at 8. However, Plaintiff has provided evidence of a child support order and a warrant for his arrest for failing to comply with the child support order. *See* ECF Nos. 1-1, 11-1. Accordingly, at this procedural posture, it appears Plaintiff has alleged sufficient facts to conclude that he may have standing to pursue this claim. Thus, the Court respectfully declines to adopt the Report of the Magistrate Judge and recommits this matter to the Magistrate Judge for further evaluation and possible service of process. Upon further review, the Magistrate Judge may wish to consider whether venue is proper in this District, whether any Defendant is entitled to judicial or other immunity, or whether the statute of limitations is applicable to any of Plaintiff's claims.

IT IS SO ORDERED.

---

[1] The statute refers to Michigan state criminal statute MCL 750.165(1).

3

                                                  s/ Donald C. Coggins, Jr.
                                                  United States District Judge

June 30, 2020
Spartanburg, South Carolina